UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO. 07-61109- CIV-COOKE/BROWN

NICHOLAS F. CIMINO,

    *Plaintiff*,

v.

THE AMEC, INC. GROUP DISABILITY
INCOME PLAN, THE AMEC, INC. GROUP
LIFE INSURANCE PLAN, and LIBERTY LIFE
ASSURANCE COMPANY OF BOSTON,

    *Defendants*.

_____/

**ORDER DENYING MOTION TO DISMISS COUNTERCLAIMS**

Plaintiff/Counter-Defendant Cimino moves to dismiss counterclaims asserted by Liberty Life Assurance of Boston ("Liberty Life"). *See* D.E. 23. For the reasons set forth below, the motion is denied.

*I. BACKGROUND*

Mr. Cimino filed this action against Liberty Life and other Defendants for terminating his disability benefits and denying him a waiver of life insurance premiums on account of this disability. Defendants answered the Complaint and counterclaimed against Mr. Cimino for: (i) restitution/reimbursement; (ii) unjust enrichment; and (iii) constructive trust [D.E. 22]. Mr. Cimino now moves to dismiss the counterclaims on the ground that Liberty Life lacks standing to assert counterclaims under the Employee Retirement Income Security Act ("ERISA") [D.E. 23].

## *II. LEGAL STANDARD*

To bring an ERISA civil claim, a party must qualify as a: (1) participant; (2) beneficiary; (3) fiduciary; (3) or the Secretary of Labor. 29 U.S.C. § 1132(a). A "fiduciary" is defined as a person who "exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets," or "has any discretionary authority or discretionary responsibility in the administration of such plan." 29 U.S.C.A. § 1002(21)(A)(i) & (ii).

## *III. DISCUSSION*

The inquiry here is whether Liberty Life has standing as a "fiduciary" to assert counterclaims under ERISA. "An individual is a fiduciary to the extent that he exercises *any* discretionary authority or control respecting management of a plan or the disposition of its assets." (emphasis in original). *O'Reilly v. Ceuleers*, 912 F.2d 1383, 1391 (11th Cir. 1990). Mr. Cimino claims that by denying "all other matters not expressly admitted" in paragraph 3 of its Answer, Liberty Life denied that it is "the . . . fiduciary" [D.E. 23]. Liberty Life responds that it simply denied that it was ***"the"*** (only) fiduciary and did not deny that it was "a" (among others) fiduciary. D.E. 26 at 2.

The fiduciary determination is a factual inquiry. *Pappas v. Buck Consultants, Inc.*, 923 F.2d 531, 538 (7th Cir.1991) (the question of whether an entity is a fiduciary "involves factual determinations"). "An employer/plan sponsor who is also the plan administrator (or who otherwise has discretionary authority) is a fiduciary." *Rudzinski v. Metropolitan Life Ins. Co.*, 2007 WL 257675, at *3 (N.D. Ill., Jan. 25, 2007). Thus, the Court should evaluate whether Liberty Life had discretionary authority or discretionary control over the plan to determine if it qualifies as a fiduciary. 29 U.S.C.A. § 1002(21)(A)(i) & (iii).

In its Answer/Counterclaim, Liberty Life denies that it was the Plan Administrator, but admits that it issued policies, provided Plaintiff's counsel with a letter denying benefits, provided Plaintiff with notice that he was no longer eligible to receive a waiver of premium, and that it denied an appeal of the waiver denial. D.E. 22 at 1-4. As such, Liberty Life has "openly alleged its role in the administration and governance" and "discretionary authority to interpret the plan." D.E. 26 at 2. Liberty Life has alleged sufficient information to support that it qualifies as a fiduciary since it has exercised "discretionary authority and discretionary responsibility in the administration" of Mr. Cimino's plan. 29 U.S.C.A. § 1002(21)(A)(iii).

### IV. CONCLUSION

For the above-stated reasons, Plaintiff/Counter-Defendant's Motion to Dismiss Counterclaims [D.E. 23] is denied.

**DONE AND ORDERED** in Miami, Florida, this 29th day of August 2008.

_____
MARCIA G. COOKE
United States District Judge

cc:

Honorable Ted E. Bandstra

All counsel of record